IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                           |     |                        |
|-------------------------------------------|-----|------------------------|
| MANUFACTURING VENTURES, LLC,              | )   |                        |
| d/b/a CRAFTCO HARDWOOD FLOORS,            | )   |                        |
| INC.,                                     | )   |                        |
|                                           | )   |                        |
|      Plaintiff,                           | )   |                        |
|                                           | )   |                        |
| vs.                                       | )   | Civil No. 06-2600-Ml/P |
|                                           | )   |                        |
| CUSTOM KILNS, INC., et al.,               | )   |                        |
|                                           | )   |                        |
|      Defendants.                          | )   |                        |
| _____          | )   |                        |
|                                           | )   |                        |
| CUSTOM KILNS, INC.,                       | )   |                        |
|                                           | )   |                        |
|      Counter-Plaintiff,                   | )   |                        |
|                                           | )   |                        |
| vs.                                       | )   |                        |
|                                           | )   |                        |
| CRAFTCO HARDWOOD FLOORS, INC.,            | )   |                        |
|                                           | )   |                        |
|      Counter-Defendant.                   | )   |                        |
| _____          | )   |                        |
|                                           | )   |                        |
| CUSTOM KILNS, INC.,                       | )   |                        |
|                                           | )   |                        |
|      Third-Party Plaintiff,               | )   |                        |
|                                           | )   |                        |
| vs.                                       | )   |                        |
|                                           | )   |                        |
| ROSE MACHINE & TOOL, LLC, and             | )   |                        |
| PAUL FREUDENBERG d/b/a 55                 | )   |                        |
| CORP,                                     | )   |                        |
|                                           | )   |                        |
|      Third-Party Defendants.              | )   |                        |

**REPORT AND RECOMMENDATION ON CUSTOM KILNS'S MOTION TO SHOW CAUSE WHY CRAFTCO HARDWOOD FLOORS SHOULD NOT BE HELD IN CONTEMPT**

Before the court is defendant/counter-plaintiff Custom Kilns, Inc.'s ("Custom Kilns") Motion to Show Cause Why Craftco Should Not Be Held in Contempt of the January 9, 2007 Temporary Restraining Order, filed January 22, 2007 (D.E. 30). Plaintiff/counter-defendant Manufacturing Ventures, LLC, d/b/a Craftco Harwood Floors, Inc. ("Craftco") filed a response in opposition to the motion on February 20, 2007.[1] Custom Kilns filed a supplemental memorandum on February 13 and a reply to Craftco's response on February 26. On April 3, 2007, the court entered an order setting a hearing for April 30, 2007 on Custom Kilns's contempt motion, and ordered Craftco's President, James Pierron, to appear at the hearing and be available for examination by Custom Kilns.

At the April 30 hearing, counsel for all interested parties were present and heard. The court heard testimony from Keith Paluso, Mark Hillhouse, and James Pierron. The court received as evidence a list of materials retrieved by Freudenberg (exhibit 10); a collection of

---

[1]The conduct of third-part defendants Rose Machine & Tool, LLC, and Paul Freudenberg and their counsel are not at issue in this motion.

-2-

several color photographs taking during January 2007 (collective exhibit 13); a diagram of the Craftco sidewall elevation (exhibit 14); a bill of lading (exhibit 15); a black-and-white photograph dated January 9, 2007 (exhibit 16); and a black-and-white photograph dated January 17, 2007 (exhibit 17).[2]

For the reasons below, the court submits the following proposed findings of fact and conclusions of law, and recommends that the motion be denied.

## I.  PROPOSED FINDINGS OF FACT

Craftco is a manufacturer of hardwood flooring located in Portsmouth, Ohio.  (Second Amd. Compl. ¶ 9).  As part of its manufacturing process, Craftco utilizes wood drying kilns in order to prepare freshly cut lumber for later manufacturing stages.  (Id. ¶ 10).  On or about January 27, 2006, Craftco entered into a contract with Custom Kilns, a manufacturer of kilns, in which Custom Kilns agreed to manufacture and install four Fork Loaded-All Aluminum Dry Kilns and one All Aluminum Steamer at Craftco's manufacturing

---

[2]Many of these exhibits were previously admitted at the preliminary injunction hearing on January 18, 2007.  In deciding this motion for contempt, the court has reviewed and considered the transcripts from the January 9 and January 18 hearings, as well as all exhibits admitted at the January 18 hearing, discussed infra.

facility in Portsmouth (hereinafter the "Craftco project"). (Id. ¶¶ 11-12). According to Craftco, the total price of the contract was $700,850.00, and Craftco agreed to pay 70% of the total contract price upon execution of the contract, 25% upon the initial shipment of the materials needed to construct and install the kilns and steamer, and the remaining 10% upon the completion of all construction and installation, which was not to exceed sixty days from the initial shipment. (Id. ¶ 13). Craftco alleges that after it made the initial 70% payment, Custom Kilns immediately began to delay its performance under the contract, and although some materials and equipment were provided, Custom Kilns ultimately failed to deliver any of the kilns or the steamer. (Id. ¶¶ 18-19). On September 15, 2006, Craftco filed the present lawsuit against Custom Kilns for breach of contract. Craftco later amended the complaint to add causes of action for fraud, negligent misrepresentation, violations of the Tennessee Consumer Protection Act, and unjust enrichment.

Custom Kilns denies the allegations, and on October 11, 2006, filed counterclaims against Craftco for breach of contract and fraud in the inducement. Custom Kilns also filed a third-party complaint against Rose Machine & Tool, LLC ("Rose"), Paul Freudenberg d/b/a 55

-4-

Corp ("Freudenberg"), and Phoenix Metals Company, alleging that these parties conspired with Craftco to convert Custom Kilns's property for their own use.[3] (Verified Third-Party Compl. ¶¶ 22-23).  Phoenix Metals was later dismissed by stipulation of all parties pursuant to Rule 41(a)(1).

On January 8, 2007, Custom Kilns filed a motion for preliminary injunction and for a temporary restraining order.  Custom Kilns contended in its motion that on July 20, 2006, it engaged Freudenberg to provide raw materials for the Kilns and steamer on the Craftco project, and that these raw materials provided by Freudenberg were in turn provided to Rose for fabrication of the kilns on the Craftco project and other unrelated fabrication projects with Custom Kilns. (Mot. Prelim. Injunction ¶¶ 4-5).  Custom Kilns alleged that Rose had on hand at least one fan housing, three trusses, ten columns and several structural support pieces ("Disputed Materials") that Custom Kilns had ordered Rose to fabricate for use on the Crafcto project, and that the Disputed Materials were shipped to Craftco's Portsmouth

---

[3]Freudenberg is a supplier of materials who Custom Kilns had contracted with to provide raw materials on the Craftco project. Rose is a fabricator and was retained by Custom Kilns to modify the raw materials supplied by Freudenberg to the specifications of the Craftco project.

facility without the authorization of Custom Kilns. (Id. ¶¶ 7-11).
Custom Kilns asked the court to enjoin Craftco and the other parties
from making any use of the Disputed Materials. In support of its
motion, Custom Kilns attached an affidavit from its President,
Patrick Plass, along with several photographs taken on January 7,
2007, of several fan trusses, fan housings, columns, and structural
support pieces at Craftco's Portsmouth facility.

On January 9, 2007, District Judge Bernice Donald held an
expedited hearing on Custom Kilns's motion.[4] The court heard
arguments from counsel; however, no witness testimony or evidence was
received by the court during the hearing. At the conclusion of the
hearing, the court granted Custom Kilns a temporary restraining order
("TRO") and scheduled a hearing for January 18, 2007 to either
dissolve the TRO or convert the TRO into a preliminary injunction.
Regarding the scope of the TRO, Judge Donald stated as follows:

> . . . I am going to enter injunctive relief in favor of
> Custom with respect to three things, until there can be a
> further hearing, I'm going to order Craftco and these
> other defendants to stop removal of these materials. To
> take an immediate inventory of what's there and to supply
> the inventory to Custom so that they know what is on the
> property that they asserted interest in, and that they not

---

[4]The case was subsequently reassigned to District Judge Jon P.
McCalla on February 15, 2007.

> use those materials that are identified to Custom without
> the agreement of Custom or without an order of the court.
> . . .
>
>      I am going to go ahead and set a hearing where I hope
> to get more information and not just attorney arguments.
> . . . And at that point I would like to see more
> documentation and hear from the witnesses. . . . [A]t that
> hearing the court will either decide to issue an
> injunction or dissolve the restraining order and let the
> parties go forward and prepare their lawsuits.

(1/9/2007 Hearing Tr. at 50-51).  The court also directed the parties

to submit a proposed order on the TRO.  In the days following the TRO

hearing, the parties were unable to agree on the scope of Judge

Donald's ruling from the bench and the language of the proposed

order, and as a result, Custom Kilns and the defendants separately

submitted two versions of the proposed order for the court's review.[5]


At the January 18 hearing, the court heard testimony from Plass,

Gregory Ladd (General Manager of Rose), Keith Paluso (an employee of

Custom Kilns), and received into evidence numerous photographs and

other exhibits.   At the end of Custom Kilns's proof, the court

dissolved the TRO based on Custom Kilns's failure to meet its burden.

--------

[5]A written order on the TRO was not entered by the court.  However,
the lack of a written order did not negate the parties' obligation
to abide by the court's ruling from the bench.

However, during the hearing Custom Kiln, through Paluso, produced surveillance photographs of Craftco's Portsmouth facility that showed the addition of wall siding and insulation to the kilns after January 9 and which Custom Kilns argued showed that Craftco violated the court's TRO.  Based on this evidence, Judge Donald invited Custom Kilns to file a motion with the court to determine whether or not there had been a willful failure to abide by the court's TRO. (9/18/2007 Hearing Tr. 203-05).

On January 22, Custom Kiln filed the present Motion to Show Cause Why Craftco Should Not Be Held In Contempt, contending that Craftco violated the TRO by continuing to use the Dispute Materials in constructing the kilns at the Portsmouth facility and failing to provide an inventory of materials.  Craftco filed a response in opposition, and attached an affidavit from Pierron in which he states that (1) the insulation and siding that Paluso testified about at the January 18 hearing were received by Craftco in August 2006 from another supplier and not from Freudenberg;[6] (2) materials received

---

[6]According to Custom Kilns, it directly shipped six or seven trailers of materials to Craftco in August 2006 and Phoenix Materials also shipped materials to Craftco in August 2006. (1/18/2007 Hearing Tr. at 58; 4/30/2007 Hearing Tr. at 40).  These materials are not included in the Disputed Materials and were not the subject of the TRO motion and hearing.

from Freudenberg, such as motor mounts, roof trusses and fan housings, were installed prior to January 9; (3) to the best of his knowledge, any materials used after January 9 were received in August 2006 and were not among the Disputed Materials received from Freudenberg; and (4) Craftco was unable to provide an inventory and instead relied on the inventory provided by Freudenberg because the bills of lading received along with the Disputed Materials did not itemize the materials and most of the materials were already co-mingled with other materials prior to the TRO. (Pierron Aff. ¶¶ 4-12).

On April 30, the court held a hearing on the motion. Paluso provided testimony similar to his testimony at the January 18 injunction hearing. In addition, he testified that he believed Craftco improperly continued to use fan trusses (part of the Disputed Materials) after January 9 based on surveillance photographs showing that the wall siding and insulation (not part of the Disputed Materials) which must be attached to the trusses, were installed sometime after January 9. (4/30/2007 Hearing Tr. at 37-40). However, on cross-examination, he testified that the fan trusses, although not completely installed, were bolted in place prior to the TRO hearing. (Id. at 44-45). Custom Kilns's other witness, Mark

-9-

Hillhouse, who took the surveillance photographs on January 7 and 17 of the Craftco facility, could not provide any testimony regarding construction or other improvements made to the kilns on January 8 or 9. (<u>Id.</u> at 51-53).

## II.  PROPOSED CONCLUSIONS OF LAW

A decision on a motion for contempt lies within the sound discretion of the court.  <u>Electrical Workers Pension Fund of Local Union # 58 IBFW v. Gary's Elec. Service Co.</u>, 340 F.3d 373, 378 (6th Cir. 2003).  While the contempt power should not be used lightly, the power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." <u>Id.</u> (quoting <u>Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418, 450 (1911)).  Contempt proceedings are used to "enforce the message that court orders and judgments are to be complied with in a prompt manner." <u>Id.</u>  In civil contempt proceedings, judicial sanctions may be imposed "for either or both of two purposes; to coerce the [non-movant] into compliance with the court's order, and to compensate the [movant] for losses sustained." <u>Id.</u> at 379 (quoting <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 303-04 (1947)).

To hold a litigant in contempt, the movant must produce clear

-10-

and convincing evidence to show a violation of "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Glover v. Johnson, 934 F.2d 703, 707 (6th Cir. 1991); see also Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 550 (6th Cir. 2007); Electrical Workers Pension Fund, 340 F.3d at 379 (citing NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987)). As the Sixth Circuit has explained, "[c]lear and convincing evidence is not a light burden and should not be confused with the less stringent, proof by a preponderance of the evidence." Electrical Workers Pension Fund, 340 F.3d at 379.  Moreover, the prior order must be "clear and unambiguous" to support a finding of contempt. Liberte Capital Group, 462 F.3d at 550-51 (quoting Grace v. Ctr. for Auto Safety, 72 F.3d 1236, 1241 (6th Cir. 1996)).

"Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." Electrical Workers Pension Fund, 340 F.3d at 379 (emphasis in original).  To meet this burden, the contemnor must show "categorically and in detail why he or she is unable to comply with the court's order." Id. (quoting Rolex Watch U.S.A., Inc. v.

-11-

<u>Crowley</u>, 74 F.3d 716, 720 (6th Cir. 1996)).  The court also considers whether the contemnor "took all reasonable steps within [his or her] power to comply with the court's order."  <u>Id.</u> (quoting <u>Peppers v. Barry</u>, 873 F.2d 967, 968 (6th Cir. 1989)).

Based on the entire record, the court submits that Custom Kilns has not demonstrated by clear and convincing evidence that Crafto violated the January 9 TRO.  The court's TRO required Craftco to (1) not use the Disputed Materials that were received from Rose and Freudenberg, and (2) provide Custom Kilns with an inventory.  With respect to the first part of the order, the photographs taken on January 7 – two days prior to the TRO hearing – show installed motor mounts, roof trusses, and fan housings which are part of the Disputed Materials.  Obviously, at that time, Craftco was not under court order to stop using the Disputed Materials.  After the TRO, Crafto installed wall siding and insulation, as shown in the photographs taken on January 10 and 17.  However, the siding and insulation that were installed are not part of the Disputed Materials, as these materials were not provided to Craftco by either Freudenberg or Rose. In addition, as Paluso testified at the show cause hearing, although the trusses are part of the Disputed Materials, they were "bolted down" sometime before the court granted the TRO.

With respect to the inventory, the court submits that Craftco's reliance on the production list produced by Freudenberg did not violate the TRO.  Although the list may not, according to Paluso, meet the industry standards (see 4/30/2007 Hearing Tr. at 31-32), the court submits that the list provides sufficient specificity  to meet the requirements of and satisfy the purpose for Judge Donald's order. In sum, the evidence does not sufficiently demonstrate that Craftco violated the TRO.

### III.  RECOMMENDATION

For the reasons above, it is recommended that Custom Kilns's motion be denied.

Respectfully submitted,


s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


July 24, 2007
_____
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY**

-13-

**CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**